# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LARRY EUGENE CHAPLIN,

        Plaintiff,

v.

        Case No. CIV-11-158-KEW

CITY OF MUSKOGEE;
MICAH FLEAK; and
WILLIAM PETERS,

        Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Reconsider Sua Sponte Ruling to Exclude Plaintiff's Expert, Charlie Mesloh, Ph.D. filed February 9, 2012 (Docket Entry #90). Plaintiff requests that this Court revisit the ruling by United States District Judge Ronald A. White to exclude his expert witness from testifying at trial. This case was originally assigned to Judge White but the parties chose to consent to the undersigned. Prior to the parties consenting, Judge White ruled upon several pretrial issues, including the ability of Plaintiff's expert witness, Charlie Mesloh, Ph.D., to testify to certain matters at trial. Specifically, among the matters Judge White had under consideration was Plaintiff's motion to strike, exclude or limit the testimony of Defendants' expert witness, Sergeant James F. Clark when he ruled:

> The court now GRANTS Plaintiff's motion to strike, exclude or limit the expert testimony of Sergeant James F. Clark, but not for the reasons listed in Plaintiff's motion. The court does not believe experts will be helpful to the jury in this case. Moreover, the subjects the parties intend to cover with the experts may be

covered with the fact witnesses in this case. For these reasons, the court is also *sua sponte* EXCLUDING the testimony of Plaintiff's expert, Dr. Mesloh.

Order of January 26, 2012 (Docket Entry #74).

Through the current motion, Plaintiff requests this Court to reconsider Judge White's Order as it pertains to the admissibility of Dr. Mesloh's testimony. Plaintiff contends Dr. Mesloh is qualified to offer opinions in this case on the issues surrounding the use of canine force by law enforcement. Plaintiff cites to the numerous articles written by Dr. Mesloh on these issues and states that he has previously testified in 18 cases. Dr. Mesloh has authored Preliminary and Supplemental Reports, setting forth his opinions on the use of force in this case. If Dr. Mesloh is not permitted to testify, Plaintiff states he will be hampered in his ability to prove his case - particularly in the areas of deficient training and supervision of the Defendant officers in this case.

Defendant City of Muskogee responds that none of the conditions necessary for reconsideration of Judge White's Order have been demonstrated by Plaintiff. Namely, there has been no intervening change in the controlling law, the presentation of new evidence which was not previously available, and no need to correct clear error or prevent manifest injustice. While Defendant is correct that none of the first five factors under Fed. R. Civ. P. 59(e) have been shown, a review of Judge White's ruling upon Dr. Mesloh's testimony is required to potentially prevent manifest

2

injustice since no motion was pending before the Court to exclude Dr. Mesloh's testimony and was accomplished *sua sponte*. Reconsideration of the decision to preclude Dr. Mesloh's testimony will be granted.

Dr. Mesloh's reports contain sufficient information for this Court to perform an analysis under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kuhmo Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999) without further hearing or testimony from the expert. Dr. Mesloh's qualifications are not questioned. Rather, the issue before this Court is whether his testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue, . . . ." Fed. R. Evid. 702.

In his reports, Dr. Mesloh offers opinions on a considerable range of issues and ultimate questions which are more appropriately left to the jury in this case. Initially, he proposes to inform the jury of the standard for the use of force under Graham v. Connor, 490 U.S. 386 (1989) and offer an opinion as to whether the Defendant officers' use of force was excessive. Since the appropriate legal standard is such cases requires a jury to determine whether the force employed was reasonable under the circumstances, expert testimony as proposed by Dr. Mesloh invades the province of the jury and is irrelevant. Marquez v. City of Albuquerque, 399 F.3d 1216, 1222 (10th Cir. 2005).

In this same vein, Dr. Mesloh states that he examined the

visible injuries to Plaintiff's arm and determined that the circumstances of the deployment of the dog could not have occurred as claimed by Defendants. This proposed testimony does not assist the jury, invades their province, and, quite frankly, exceeds the testimony which should be allowed by any competent expert.

Dr. Mesloh also states that Officer Peters and Bosco, the canine involved in the incident, were not properly trained and did not continue to renew certification. Dr. Mesloh then concludes the amount of training was insufficient "as the State of Florida requires 400 hours for basic patrol and an additional 80 hours for detector dog." He also refers to certification "in western states." Dr. Mesloh then states that "[i]t appears that the State of Oklahoma does not regulate patrol dogs through certification" - instead leaving it up to the handler and the law enforcement agency. This testimony will not assist the jury in their fact finding duties. Moreover, this Court finds no legal foundation law for a constitutional claim based upon inadequate training of a canine. To the extent the issue relates to the City's failure to train Officer Peters, the fact witnesses who will testify in this case, including Officer Peters' supervisor, can adequately inform the jury of the level of training provided to Officer Peters without such testimony to be filtered through the opinion of an expert.

Dr. Mesloh next opines that the Muskogee Police Department

policies were inadequate as they relate to the use of canines in administering force. He proceeds to interpret the facts of how he believed the incident took place and whether Plaintiff "actively" or "passively" resisted handcuffing. Even more beside the point, Dr. Mesloh then provides an opinion that the officers failed to provide adequate medical treatment after the incident.

As a matter of law, "violations of state law or police procedures generally do not give rise to a claim for excessive force." Id. (citations omitted). To the extent Plaintiff sought to introduce the testimony in support of his state law claims, the testimony would only serve to confuse the jury into believing that a constitutional claim could arise from any violation of policy. Fed. R. Evid. 403; Tanberg v. Sholtis, 401 F.3d 1151, 1161-62 (10th Cir. 2005). As for the testimony regarding the expert's interpretation of the facts based upon his review of the documentary and photographic evidence given to him, this testimony once again invades the province uniquely reserved to the jury as the finder of fact in this case. Similarly, the testimony regarding medical care is outside of the expert's stated expertise and is irrelevant as no claim is made in this action in regard to the adequacy of medical treatment provided to Plaintiff.

In his Supplement to his report dated December 29, 2011, Dr. Mesloh states he reviewed the deposition of the officers' supervisor, Lt. Simmons. He relates that Lt. Simmons supervision

of the K-9 unit was inadequate. In doing so, Dr. Mesloh does little more than recite Lt. Simmons' testimony which the jury will hear at trial and is fully capable of evaluating and interpreting its adequacy. Expert testimony will not assist the jury in their fact determination at trial as it does not require specialized knowledge to ascertain the adequacy of the training and supervision provided to the officers, in general, and Officer Peters, specifically, as the canine officer present at the scene.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider Sua Sponte Ruling to Exclude Plaintiff's Expert, Charlie Mesloh, Ph.D. filed February 9, 2012 (Docket Entry #90) is hereby **GRANTED**. After reconsideration of Judge White's Order of January 26, 2012 excluding Dr. Mesloh as Plaintiff's expert witness at trial, this Court finds the exclusion was appropriate. Dr. Mesloh will not be permitted to testify at trial.

IT IS SO ORDERED this 8th day of March, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE